IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM KAUFMAN, IRENE HARDING-
JESTER *his wife*,

          Plaintiffs,

v.

JOHNSON & JOHNSON CONSUMER,
INC., RITE AID CORPORATION,

          Defendants.

19cv0520

ELECTRONICALLY FILED

## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion for Remand and Brief in Support of same.

ECF 4 and ECF 5.  Defendant Johnson & Johnson Consumer, Inc. filed the Notice of Removal

(ECF 1) and has filed a Brief in Opposition to the Motion.  ECF 11.  The matter is now ripe for

adjudication.

## I.    LEGAL STANDARD

The United States Supreme Court has held that Federal Courts are courts of limited

jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The

Supreme Court further explained in *Kokkonen*:

> [Federal Courts] possess only that power authorized by Constitution and
> statute, *see Willy v. Coastal Corp.,* 503 U.S. 131, 136–137, 112 S.Ct.
> 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School
> Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986),
> which is not to be expanded by judicial decree, *American Fire & Casualty
> Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).  It is to be
> presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank
> of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the
> burden of establishing the contrary rests upon the party asserting

jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936). 511 U.S. at 377.

Thus, Defendant in the instant case bears the burden of establishing subject matter jurisdiction.

## II.    DEFENDANT'S BASIS FOR REMOVAL

In its twelve-page Notice of Removal, Defendant Johnson & Johnson ("Defendant") indicates that this case is one of many lawsuits in the United States which involve claims concerning the personal injuries (and deaths) allegedly caused by the cosmetic talc found in Defendant's talcum powder product.  Defendant's Removal Notice further indicates that the "sole supplier" of the talc which Defendant used in its talcum powder product, filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the District of Delaware. *See In re: Imerys Talc America, Inc., et al., Case No.  19-10289-LSS* (the "Chapter 11 Case").

In the case at bar, Plaintiffs' Complaint generally alleges that exposure to the asbestos contained in the talc (which was incorporated into Defendant's talcum powder) caused Plaintiffs' injuries and/or death.  Defendant would like to consolidate the instant matter with the claims brought by "thousands of plaintiffs across the country [who] allege similar personal injury and wrongful death claims against [Defendant]."  ECF 1, p. 2.

According to Defendant, the talc supplier who filed for Chapter 11 protection in Delaware's Bankruptcy Court has been Defendant's "sole supplier" of talc over the years.  Id. at 3.  Defendant argues that even though Plaintiffs in this case did not name Defendant's talc supplier as a co-defendant in the instant matter, Plaintiff's claims in this matter are related to the

talc supplier's bankruptcy claims, because of its own relationship to the talc supplier.   Therefore, Defendant predicates it removal to federal court on 28 U.S.C. § 157(b)(5) which states:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C.A. § 157 (b)(5).

As noted by Defendant in its Removal Notice, and quoting *Collier on Bankruptcy*, "Section  157(b)(5) provides that the venue of the personal injury tort and wrongful death trial is to be  determined by the district court in which the title 11 case is pending.  This unusual, perhaps unique, provision empowers a court other than that in which the litigation is pending to decide where the trial is to take place."  ECF 1, p. 3.  Defendant further notes that on April 18, 2019, it filed a Motion with the United States District Court for the District of Delaware to Fix Venue for Claims Related to Imerys's Bankruptcy.  Id., p. 2.


### III.     PLAINTIFF'S BASIS FOR REMAND

Plaintiff raises four grounds in support of remanding this matter to the Common Pleas Court of Allegheny County, Pennsylvania.  ECF 5.  First, Plaintiff contends that Defendant's argument under 28 U.S.C. § 157 conflates venue with subject matter jurisdiction.  Second, Plaintiff argues that Defendant cannot meet its burden of proving that removal is proper because the instant case is not "related to" the bankruptcy proceeding because Defendant has not yet been deemed liable to Plaintiffs in this matter.  Third, Plaintiffs claim that all of the requirements under the mandatory abstention statute, 28 U.S.C. § 1334(c)(2), have been met, thereby requiring

this Court to remand the matter. Finally, Plaintiffs argue that the Court should equitably remand this matter pursuant to 28 U.S.C. § 1452(b) in the interests of justice.

## IV. ANALYSIS

Bankruptcy jurisdiction is governed by 28 U.S.C. § 1334, which vests district courts with "original and exclusive jurisdiction of all cases proceedings arising under title 11," 28 U.S.C. § 1334(a), except that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). A party may remove any claim in a civil action to the district court in which the civil action is pending, if the district court has jurisdiction over the claim pursuant to Section 1334(b). 28 U.S.C. § 1452(a). The Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the Court of Appeals under Section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

To determine whether a civil proceeding is "related to" a bankruptcy case, United States Court of Appeals for the Third Circuit has said that a Court must decide ". . . whether the outcome of [the civil proceeding] could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (citations omitted), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (Stevens, J. concurring). In *Pacor*, the Court of appeals noted:

> Our examination of the Higgins-Pacor-Manville controversy leads us to conclude that the primary action between Higgins and Pacor would have no effect on the Manville bankruptcy estate, and therefore is not "related to" bankruptcy[.] . . . At best, it is a mere precursor to the potential third party claim for indemnification by Pacor against Manville. Yet the

4

> outcome of the Higgins-Pacor action would in no way bind Manville, in that it could not determine any rights, liabilities, or course of action of the debtor. Since Manville is not a party to the Higgins-Pacor action, it could not be bound by *res judicata* or collateral estoppel.

743 F.2d at 995.

Turning to the matter at bar, Defendant's basis for removal is that this civil proceeding is "related to" the Imerys bankruptcy case such that the outcome of this proceeding will have some sort of effect on the Imerys' estate. However, as noted by Plaintiffs, Defendant states that Plaintiffs *may have* claims against Imerys although neither Imerys nor its affiliates are named as Defendants in this case. Until Plaintiff actually has a claim against Imerys, the instant case is not related to the Imerys' bankruptcy proceedings.

Like *Pacor,* this matter in controversy here does not lead this Court to conclude that the outcome of the instant matter would have an effect on the Imerys bankruptcy estate. The Court finds that the arguments raised by Defendant Johnson & Johnson, in its Notice of Removal (ECF 1) and in its Memorandum of law in opposition to Plaintiffs' Motion for Remand, exhibit Defendant's potential third-party claim against Imerys. The outcome of the instant case will not bind Imerys or its affiliates, and because Imerys is not a party here, therefore, *res judciata* and collateral estoppel will not apply to bind Imerys. Accordingly, this Court concurs with Plaintiffs' argument that this case should be remanded to the state court as it is not related to the Imerys' Bankruptcy matter. The Court will not address the other bases upon which Plaintiff argued for remand.

## V. CONCLUSION

An appropriate Order remanding this case to the Court of Common Pleas of Allegheny County, Pennsylvania will be filed contemporaneously herewith.

<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record